IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **GWENDOLYN BROWN** <br> *Plaintiff,* <br> <br> v. <br> <br> **HARJEET SINGH AND A STERLING FREIGHT CARRIER, INC.,** <br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 4:20-cv-01063 |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:**

**COME NOW** Defendants, Harjeet Singh and A Sterling Freight Carrier, Inc. and hereby petition this Court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Northern District of Texas, Fort Worth Division, of the action numbered and styled *Gwendolyn Brown v. Harjeet Singh and A Sterling Freight Carrier, Inc.*; Cause No. 352-318699-20; in the 352nd Judicial District Court, Tarrant County, Texas, (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

## I.
## REMOVAL IS TIMELY

1.  Defendants Harjeet Singh and A Sterling Freight Carrier, Inc. were served with Plaintiff's Original Petition (the "Petition") on or about September 1, 2020. This Notice of Removal is filed within thirty (30) days of service of the Petition and is timely filed under section 1446(b) of the United States Code. 28 U.S.C. § 1446(b). Defendants seek to remove the matter and are therefore the Removing Defendants.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Plaintiff in this action is a citizen of a different state from Defendants, and no defendant is a citizen of Texas. As a result, complete diversity exists.

3. Plaintiff Gwendolyn Brown was a citizen of Tarrant County, Texas at the time this action was filed. Consequently, Plaintiff was at the time this action was commenced, and is currently, a citizen of the State of Texas.

4. Defendant Harjeet Singh was a citizen of Riverside County, California at the time this action was filed. Consequently, Defendant Harjeet was at the time this action was commenced, and is currently, a citizen of the State of California and no other state.

5. Defendant A Sterling Freight Carrier, Inc. is a corporation formed under the laws of the State of California, having its principal place of business now, and at the time this action was commenced, in the State of California. A Sterling Freight Carrier, Inc. is now, and was at the time this action was commenced, a citizen of the State of California and of no other state.

## III.
## AMOUNT IN CONTROVERSY

6. In addition to complete diversity of citizenship, the complaint must meet this Court's $75,000.00 jurisdictional threshold. The methods for properly asserting the amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446. First, the Notice of Removal may assert the amount in controversy if the initial pleadings were not required to include a specific monetary demand or permit damages in excess of the pleadings. *Id.* § 1446(C)(2)(A). Second, removal is proper upon showing by the preponderance of the evidence that the amount in controversy exceeds this Courts $75,000.00 threshold. *Id.* § 1446(C)(2)(B).

Further, parties may rely on an estimation of damages calculated from the allegations in the complaint to prove the amount in controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). Once a defendant satisfies its burden, any plaintiff wanting to remand the cause to back to state court must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount. *See McPhail,* 529 F.3d at 955.

7. Federal courts have held that cases of personal injury will subject a tortfeasor to possible exposure well beyond the federal jurisdictional minimum and that such exposure is facially apparent. *De Aguilar v. Boeing,* 11 F.3d 55, 58 (5th Cir. 1993). Further, in determining whether a personal injury suit presents an amount in controversy within federal jurisdiction limits, a court may look to damage awards in similar cases. *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 214 n.8 (E.D. Tex. 1996) (citing *Carnahan v. Southern Pacific Railroad Transportation Co.*, 914 F. Supp. 1430, 1431 (E.D.Tex. 1995); *De Aguilar v. Boeing Co.*, 790 F. Supp. 693, 694 (E.D.Tex. 1992), *aff'd*, 11 F.3d 55 (5th Cir. 1993). A court may review a petition regarding a plaintiff's alleged damages to determine the amount in controversy. *See Salinas v. Allstate Vehicle and Prop. & Ins. Co.*, CASE NO. 7:15-CV-434, 2016 WL 8650475 at *2 (S.D. Tex. Sept. 28, 2016) (holding the Plaintiff sought attorney's fees as well as punitive damages available under statute, which added together exceeded the $75,000.00 amount in controversy). Based on Plaintiff's claimed damages, it is clear that Defendants will be subjected to exposure beyond the $75,000.00 jurisdictional threshold of this Court.

8. A common-sense review of the Plaintiff's Original Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00. Plaintiff's Original Petition alleges that Defendant Harjeet Singh, operating a vehicle owned by A Sterling Freight Carrier,

Inc., collided with Plaintiff's vehicle causing her bodily injury. (Pl. Orig. Pet, Sec. 8). Plaintiff's Original Petition alleges negligence against Defendants in proximately causing the incident in which Plaintiff alleges she sustained bodily injury. (Pl. Orig. Pet., Secs. 9, 10, 11 and 12). Plaintiff claims the following, past and future, damages: medical expenses, physical pain, physical impairment, loss of earning capacity, permanent damage, permanent disability, damages to personal property, loss of use, and diminution of value of property. (Pl. Orig. Pet., Sec. 13).

9.  Defendants assert that the amount in controversy in this matter exceeds the $75,000.00 threshold exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). As plead the amount in controversy in this case is in excess of $75,000.00. (Pls. Orig. Pet., Sec. 1). Defendants assert that the amount in controversy in this case is in excess of $75,000.00.

## IV.
## PROCEDURAL REQUIREMENTS

10. Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are diverse in citizenship.

11. By virtue of filing this Notice of Removal, the Removing Defendants do not waive their right to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

12. All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit 2. Those papers include certified copies of the Court's Docket Sheet, Plaintiff's Original Petition, Defendants' Original Answer and Request for Disclosures, Defendants' Request for a Jury Trial, and copies of all process and orders served on the Removing Defendants.

13. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Court Clerk of the 352nd Judicial District Court, Tarrant County, Texas, promptly after the filing of this Notice.

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove this action for trial from the 352nd Judicial District Court, Tarrant County, Texas, to this Court, on this 25th day of September, 2020.

Respectfully submitted,


By:  /s/ *David L. Sargent*
     **DAVID L. SARGENT**
     State Bar No. 17648700
     david.sargent@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 25th day of September 2020, a true and correct copy of the foregoing document was forwarded via U.S. Mail to counsel for Plaintiff:

Valerie Hulse
val@hulselaw.com
State Bar No. 24042858
THE HULSE LAW FIRM
16990 Dallas Pkwy, Suite 100
Dallas, Texas 75248
Telephone/Fax: (972) 334-9700

/s/ *David L. Sargent*
**DAVID L. SARGENT**