IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GWENDOLYN BROWN § | |
| Plaintiff § | |
| v. § | 4:20-CV-01063-O |
| § | |
| HARJEET SINGH and A STERLING § | |
| FREIGHT CARRIER, INC. § | |
| Defendants § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**GWENDOLYN BROWN**, Plaintiff, complains of **HARJEET SINGH** and **A STERLING FREIGHT CARRIER, INC.**, Defendants, and states as follows:

1. This matter originated in state court and was removed by Defendants to the present Court.

2. Defendants have consented to Plaintiff filing this FIRST AMENDED complaint.

3. Plaintiff is a resident of Tarrant County, Texas.

4. Defendant **HARJEET SINGH** ("**SINGH**") is an individual of the State of California. Defendant Singh has answered and appeared through counsel; no further service of process is necessary.

5. Defendant **A STERLING FREIGHT CARRIER, INC.** ("**STERLING FREIGHT**") is a limited liability company doing business in the State of Texas. Defendant Sterling Freight has answered and appeared through counsel; no further service of process is necessary.

6. Jurisdiction is proper, pursuant to 28 U.S.C. §1332, because Plaintiff's and Defendants' states of citizenship are completely diverse. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. Venue is proper, pursuant to 28 U.S.C. §1391(b)(2), in this district and division, as all events that form the basis of this lawsuit occurred in Tarrant County, Texas.

8. On February 4, 2020 Plaintiff **BROWN** was driving her 2011 Mercedes Benz ML350 vehicle, heading westbound on E. Randoll Mill Rd., Tarrant County, Texas. Plaintiff was stopped in the left lane for the red traffic signal, waiting to turn left onto southbound N. Watson Rd (SH 360).

9. Defendant **SINGH** was in the course and scope of his employment with Defendant **STERLING FREIGHT**, driving a tractor trailer, also heading westbound on E. Randoll Mill Rd.

10. Defendant **SINGH** was attempting a left turn onto southbound N. Watson from the center lane, in violation of the official traffic lane markings present on the roadway.

11. Defendant **SINGH** crossed the solid white line and crashed into the passenger side of the Plaintiff's stopped vehicle.

12. The collision resulted in severe and permanent injuries to the Plaintiff and damages to her vehicle.

13. Defendant **SINGH** violated his duty to exercise ordinary care, in the operation of his tractor-trailer rig, and was negligent, by:

    a. Failing to keep a proper lookout;
    b. Failing to obey official roadway markings;
    c. Failing to operate his vehicle within the bounds of a single lane;
    d. Failing to control the vehicle;
    e. Failing to avoid the collision;
    f. Failing to properly time and/or plan his trip, so as not to be running late to deliver his load;
    g. Failing to safely change lanes;
    h. Driving while fatigued, or otherwise impaired;
    i. Failing to exercise extraordinary care in the operation of the tractor-trailer; and/or
    j. Such other acts or omissions as may be revealed in discovery.

14. Singularly or collectively, **SINGH's** acts or omissions, listed above, proximately caused the occurrence and resulting damages to Plaintiff that made the basis of this suit.

15. At the time of this collision, **SINGH** was acting in the course and scope of his employment for **STERLING FREIGHT,** which also owned, operated and/or maintained the subject tractor-trailer. **STERLING FREIGHT** is responsible for the actions of **SINGH**, either as his employer or statutory employer, as contemplated by the both the Federal Motor Carrier Safety Responsibility Act (FMCSR) and Texas statute.

16. An employer, as defined by FMSCR, "means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business…." 49 C.F.R. § 390.5 (1997). Texas has incorporated, by reference, Parts 382, 385, 386, 390-393, and 395-395 of the Federal Motor Carrier Safety Regulations. *See* 37 Tex. Admin. Code § 4.11 (2020) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Parts 382, 385, 386, 390-393, and 395-397 including amendments and interpretations thereto.") Defendant **STERLING FREIGHT** is thereby vicariously liable for the negligent actions of Defendant **SINGH**. *Morris v. JTM Materials*, 78 S.W.3d 28 (Tex. App-Fort Worth 2002, no pet.).

17. Additionally, **SINGH** was negligent per-se, in the operation of his tractor-trailer rig, and violated one or more of the following Texas Transportation Code sections:

    a. §545.060 and §545.101 - Failing to keep the tractor-trailer with utility trailer(s) within proper lane of traffic;

    b. §545.060 and 545.101 - Failing to obey the roadway pavement markings regulating the movement of traffic;

    c. §545.060 and §545.103 - Changing lanes and making a turn when unsafe to do so and/or;

      d. Such other violates of the Transportation Code as may be revealed in discovery.

18. Singularly or collectively, **SINGH's** acts or omissions, listed above, proximately caused the occurrence and resulting damages to Plaintiff.

19. Defendant **STERLING FREIGHT** owned the tractor-trailer operated by **SINGH** involved in the subject collision. **SINGH** was a permissive user of that tractor-trailer rig.

20. Defendant **STERLING FREIGHT**, prior to and at the time of the subject collision, entrusted its tractor-trailer to **SINGH**, for the purpose of them engaging in a commercial trucking operation and him operating it over the roads and highways of the State of Texas. At such time, **SINGH** was incompetent and/or unfit to safely operate the tractor-trailer rig. Defendant **STERLING FREIGHT** knew or should have known, in the exercise of ordinary care, that **SINGH** was an incompetent and/or unfit driver and would create an unreasonable risk of danger to persons and property. **STERLING FREIGHT** was negligent in entrusting their tractor-trailer rig to **SINGH**. Such negligence was a proximate cause of the occurrence and resulting damages to Plaintiff.

21. On the occasion in question, Defendant **STERLING FREIGHT** was negligent in the operation of their commercial trucking enterprise, by:

    a. Failing to use reasonable care in recruiting or hiring their drivers, including **SINGH**;
    b. Failing to use reasonable care in the discipline, re-training and/or termination of incompetent, careless, or reckless employees, including **SINGH**;
    c. Failing to use reasonable care in training employees, including **SINGH**;
    d. Failing to use reasonable care in monitoring and supervising the conduct of employees, including **SINGH**; and/or
    e. Such other acts or omissions as may be revealed in discovery.

22. Each of the above-stated acts and/or omissions, singularly or collectively, constitute a proximate cause of the occurrence and resulting damages to Plaintiff.

23. At the time of the subject collision, through one or more of the acts or omissions identified herein, Defendant **STERLING FREIGHT** was operating a commercial trucking operation in violation of one or more of the Federal Motor Carrier Safety Regulations. Such actions constitute negligence and/or negligence per se, proximately causing the occurrence and resulting damages to Plaintiff.

24. As a proximate result of Defendants' negligence, Plaintiff seeks recovery of her damages as follows:
    a. Medical and healthcare expenses incurred in the past;
    b. Medical and healthcare expenses which, in all reasonable probability, will be incurred in the future;
    c. Physical pain and suffering in the past;
    d. Physical pain and suffering which, in all reasonable probability, will be incurred in the future;
    e. Physical impairment suffered in the past;
    f. Physical impairment which, in all reasonable probability, will be suffered in the future;
    g. Loss of earning capacity in the past and in the future;
    h. Permanent damage and permanent disability;
    i. Damages to personal property of Plaintiff, loss of use, diminution of value of personal property.

25. Plaintiff's damages are over $175,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff seeks pre-judgment and post-judgment interest at the highest legal rate.

26. WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer and that upon a final trial, judgment be entered for Plaintiff against Defendants, jointly and/or severally,

for the damages alleged, together with pre-judgment and post-judgment interest allowed by law, costs of court, and such other relief to which Plaintiff may be entitled. Plaintiff reserves the right to amend this Complaint. Plaintiff requests a trial by jury.

> Respectfully submitted,
> **THE HULSE LAW FIRM**
> By: /s/ Valerie Hulse
> Texas Bar No. 24042858
> 16990 Dallas Pkwy, Suite 100
> Dallas TX 75248
> Telephone/Fax (972)334-9700
> val@hulselaw.com
> Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via ECF on this date of October 29, 2020

> /s/ Valerie Hulse
> Valerie Hulse